ELLEN A. BROCKENBROUGH, ADMINISTRATRIX OF WILLIAM
H. BROCKENBROUGH, DECEASED, APPELLANT, VS. ANN W.
CAMPBELL, ADMINSTRATRIX OF JOHN W. CAMPBELL, DE-
CEASED, APPELLEE.

1. The Statute of Limitations of five years, is not a good plea in bar to an action
under the Statute 30 Car. 2 c., 7, (explained and made perpetual by the St.
4 Wm. & Ma., c. 24, s. 12,) against the executor, or administrator of an ex-
ecutor or administrator, for a *devastavit* committed by the latter in the ad-
ministration of the estate of the first testator or intestate ; such actions not
being grounded on any contract, or lending ; and being founded on the Stat-
ute aforesaid, which is a speciality.
2. In actions under the Statute aforesaid for a *devastavit*, it is not necessary that
a judgment should be previously obtained against the executor or adminis-
trator who has committed the waste, ascertaining assets in hand applicable
to the plaintiff's debt ; and therein such action differs from the action for
*devastavit* at common law against Executor or administrator for waste com-
mitted by himself.

This cause was brought up by appeal from a judgment
of the Circuit Court of Leon County, Hon. J. WAYLES BA-
KER presiding.

Ann W. Campbell, administratrix of John W. Camp-
bell, deceased, brought an action of debt against Ellen A.
Brockenbrough, administratrix of William A. Brocken-
brough, deceased, on a judgment recovered in 1840, in the
Superior Court of Franklin County, against William H.
Brokenbrough, as executor of Samuel Simpson, deceased.
The declaration sets forth the judgment, and alleges a de-
vastavit committed by William H. Brockenbrough, as ex-
ecutor of Simpson.

The defendant in the Court below pleaded, 1st, Non de-
tinet ; 2d, That her intestate had, in his life time, fully

administered the assets which were of Samuel Simpson, deceased ; 3d, Plene administravit by defendant of the assets of William H. Brockenbrough, deceased ; and 4th, The Statute of limitations. The plaintiff took issue on the first plea, traversed the second and third pleas, and replied to the fourth, that when the cause of action accrued, and until the institution of this suit, her intestate, and she, after the death of her intestate, were out of the County and beyond the State, to-wit : in the State of Alabama.

To this replication, the defendant demurred, and the Court overruled the demurrer, adjudging the said plea of the statute of limitations to be insufficient. The cause was submitted to a jury, who finding the issues in favor of the plaintiff, judgment was rendered against the defendant, upon the verdict returned by the jury. The Supreme Court was asked to review the judgment of the Circuit Court on the demurrer to the replication to the fourth plea.

*Forward & Towle,* for appellants.

*T. Baltzell,* and *A. L. Woodward,* for appellee.

THOMPSON, Justice, delivered the opinion of the Court.

The first point presented for the consideration and decision of the Court, is, the propriety of the judgment of the Circuit Court, in overruling the plea of the statute of limitations, of five years, pleaded by the plaintiff in error, in that Court.

The provision of the act of limitations, of Nov. 10, 1828, which is claimed to be applicable to this case, and on which the plea is based, is in the following terms, that " all ac- " tions of assumpsit, or debt, grounded upon any lending " or contract without specialty, &c., shall be commenced " and sued within the time and limitation of five years :"

and the present action was brought against the plaintiff in error, for a devastavit, alleged to have been committed by her intestate, in the administration of the estate of one Simpson, of which he was the executor.   This provision of our statute is identical with that of the British statute of 21 Jac., 1 c. ib., under which it has been correctly held, that such cases only are within the provision thereof, as are grounded upon a contract in fact, and without specialty.   Hodsden vs. Harridge, 2 Wms. Saund. R., 65–67. In the case cited, which was an action of debt upon an award of arbitrators, the Court held, that it was not founded upon any lending or contract, but was a debt *ex quasi contractu*, according to the civilians, for which the law gives an action of debt, although there is no contract between the parties.   See also Pease vs. Howard, 14 Johns. R., 479.

It is urged with some earnestness, that the evidence of a contract is to be found in the oath required by law, of executors, on obtaining letters testamentary, faithfully to administer the estate committed to their charge, and to pay the debts thereof, so far as the assets will extend ; and that this is to be considered as having been made with all the creditors of such estate.   It must, however, be obvious, that although by this oath, the executor assumes an obligation, under the most solemn sanction, to apply the assets of his testator, in a due course of administration, yet highly artificial must be the reasoning which can deduce this to be a contract, within the letter or spirit of the statute, if, indeed, it be possible to do so, without wresting the language of the statute, from its fair and legitimate meaning.   In the case of Hodsden vs. Harridge, before cited, where the parties had by express agreement, each with the other, submitted the matters in difference between them to the award of an arbitrator, yet an action of debt

86 SUPREME COURT.

Brockenbrough's Adm'x. vs. Campbell's Adm'x.—Opinion of Court.

upon the award was not considered within the statute, the debt being simply *quasi ex contractu.* The existence of a contract in fact, in the case cited, might have been contended for with much more show of reason than in the case before the Court.

The citation of Bathurst's case, 2 Vent. R., 40, and other authorities to the same effect, do not decide that a devastavit is a simple contract debt, in point of fact, but merely that it is *in the nature* of a simple contract debt; and that in the order of payment of debts of a decedent, its grade or rank is not of any higher dignity. But if it were capable of perfect demonstration, that the action was founded upon a contract in fact, and therefore within the class to which the limitation is to be applied, yet it would not avail the plaintiff in error, unless it was without specialty, for specialties are in terms excepted from the operation of the statute. As in debt for arrearages of rent, if upon a parol demise, it is barred by the limitation of five years; but if it is reserved by deed, which is a specialty, it is not. See 2 Wms. Saund. R., 64; 2 Keb. R., 464.

Conceding that in the present action, the judgment declared on, is but matter of inducement, and that the devastavit alleged, is the foundation of the action, yet the action is grounded on a specialty, viz: statute law. By the rules of the common law, a devastavit committed by an executor or administrator, was a personal tort, and came within the maxim of *actio personalis moritur cum persona*, and the creditor was without remedy. But by the statute 30 Car., 2 c. 7, explained and made perpetual by the 4 & 5 Wm. & Mary, c. 24, § 12, the executors and administrators, whether rightful, or of their own wrong, who shall waste or convert to their own use, the estate of their testator or intestate, shall be liable and chargeable, in the same manner as their testator or intestate would have been, if they had

been living. Thus, this action is grounded upon statute law, which is a specialty, and so excepted by the express terms of the statute of limitations.

This view of the case, is in perfect analogy with that of the action of debt for an escape. At common law, the remedy for an escape out of execution, was an action on the case, in which the creditor recovered such damages as a jury might be inclined to give. But the statutes Westm, 2, c. 11, and 1 Ric. 2, c. 12, gave an action of debt against the sheriff or gaoler, to recover at once the sum for which the prisoner was charged in execution. In Jones vs. Pope, 1 Wms. Saund. R., 37, (which was an action of debt for such an escape out of execution, upon the plea of the stat-ute of limitations,) it was held, that the statute giving the action was a specialty, upon which the action is grounded, and therefore, clearly out of the words and intention of the statute of limitations.

The same principle of decision was applied by Judge Story to an action of debt against a stockholder of a bank, under the provision of the charter imposing a personal re-sponsibility upon the shareholders for the bills or notes of the corporation, in case they should be dishonored. Upon the plea of the statute of limitations, he held that the New Hampshire act, (which in this respect, like that of Florida, is a transcript of the 21 Jac., 1 c. 16) did not apply as a bar to an action of debt upon such statutable provision ; for it is not a lending or contract, and only by the utmost straining, can it be asserted that it is a case arising *quasi ex contractu*. He further held, that the action was foun-ded on a statute, which the law deems for this purpose a specialty, and for this reason also, the plea was bad. Bul-lard vs. Bell, 1 Mason's Rep., 288–9.

The only reported case found, after a careful examina-tion, in which the question, whether an executor or admin-

istrator can set up the statute of limitations as a defence to an action against him for a devastavit, has been directly presented and decided, is that of Williams vs. Freeman, in 7 Watt & Serg. R., 359. The statute of Pennsylvania, like that of Florida, is in this particular, a transcript from the British statute of 21 Jac. 1 c. 16, and in the case cited, it was determined that there was no bar, because the ac-. tion was not grounded upon any lending or contract, and because it was founded on the judgment, which was a specialty. The action, however, was against the administrator, for his own waste, and upon a judgment against him for assets in his hand.

This Court is satisfied that the fourth plea of the plaintiff in error, and the matters and things therein contained, presented no sufficient bar to the action of the plaintiff below, and that the judgment of the Circuit Court thereon was correct.

Upon the question made and argued at the bar, whether the judgment set forth in the declaration, is one ascertaining assets in the hands of the executor of Simpson, or is a judgment for assets *in futuro*, the Court does not in this case, find it necessary to decide. The judgment entry declares that the sum recovered is " to be levied of the goods and chattels, lands and tenements of said deceased, *that may or have come*, into the hands of the said executor to be administered;" and to say the least, is sadly deficient in that certainty and precision which should characterize a common law judgment. It would seem as if it were designed to amalgamate and embody into one judgment, the effect of two distinct legal judgments upon the same cause of action;—to secure the assets in hand, and at the same time to reach over and cover those which may be acquired *in futuro*. This may be done where the assets in hand are not co-extensive with the debt recovered, the

amount in hand, being previously ascertained, and a judgment for that sum awarded, and for the residue *quando acciderint;* but in, this entry, there is no precise sum ascertained, and if it is to be regarded as a judgment of assets, it must cover the amount of the debt recovered, while at the same time, and to the same extent, it claims to look to assets thereafter to be received, which it is considered presents an incongruity.

There is a very wide distinction between the legal effect of these two classes of judgments; in the one case, it is conclusive evidence of assets in possession to satisfy the amount of the sum recovered; and in the other case, it is equally conclusive upon the creditor, that the executor or the administrator has, up to the time of the judgment, fully administered the estate in his hands. The parties have, however, by common consent, it seems, considered it as a judgment for future assets; the plaintiff below has substantially, so counted upon it in the declaration, and the defendant pleaded thereto, that her intestate, in his lifetime, had fully administered the estate of Simpson, on which issue was joined, and submitted to the jury;—a plea which would have been altogether inadmissible, if the judgment had been one for assets in hand, and so counted upon. 2 Wms. on Ex'rs., 1224, (Phil. Ed., 1832.) Notwithstanding any doubt which might exist in satisfactorily ascertaining the character of this judgment, if the question had been material to the decision of this case, the Court would have been strongly inclined to adopt the interpretation put upon it by the parties, as expressed in the pleadings, and held it to be a judgment of assets *quando acciderint;* for, to consider it otherwise, might be productive of great injustice in cutting off the inquiry as to the administration of the assets of the estate of the first testator, and thus tend to fix a *devastavit* upon the executor conclusively, when it

12

is questionable if the judgment entry was designed to have such effect; and because this action arises *ex maleficio*, the proof to convict the party should be at least free from doubt.

If the action had been against Mr. Brockenbrough, the executor of Simpson, in his lifetime, for a devastavit committed by himself, then the question of the character of this judgment would have been most material; the action could not have been sustained, unless the judgment had ascertained assets in his hands; and the cause of action laid in the declaration, would have been fatally defective unless such a judgment should have been alleged. But in an action against the executor, or administrator of an executor or administrator, under the statute of 30 Car., 2 c. 7, as explained and made perpetual by the 4 Wm. & Mary, c. 24, § 12, for a devastavit committed by the first executor or administrator, such as this is, such allegation and proof is wholly unnecessary. The distinctions between these two actions are thus summed up by Serg. Williams, in his note (8) to the case of Wheatley vs. Lane, 1 Wms. Saund. R., 219 c: "By what has been said, it appears that there are "these distinctions between an action against the executor "himself upon a judgment suggesting a *devastavit* by him, "and one against the executor of an executor, suggesting "a *devastavit* by the former executor. I. In the former "case, the action is in the *debet et detinet*, and the judg-"ment is *de bonis propriis*, but in the other, the action is in "the *detinet* only, and the judgment is *de bonis testatoris*. "2. The former action can only be brought upon a judg-"ment previously obtained against the executor *de bonis* "*testatoris*, or where he is made a party to a judgment "against a testator by *scire facias*; but in the other, an "action may be brought in every case, where the execu-"tor, in his lifetime, was in any way guilty of any act

" which amounts in law to a *devastavit*, such as exhausting
" the assets by payment of debts of an inferior degree be-
" fore those of a superior, or the like. And lastly, in the
" former case, the executor cannot plead *plene administra-*
" *vit*, but in the latter case, such plea is proper." See
also, opinion of this Court, in Gregory vs. Harrison, 4
Florida Rep., 78–79 ; Sibley vs. Williams, 3 Gill & John.
R., 52. In this case, therefore, the character of the judg-
ment was only important as evidence ; as a judgment of
assets in hand, it was evidence that the executor of Simp-
son had assets at the time, which could not be contradic-
ted ; as a judgment of assets *in futuro*, it was evidence
only of the debt due by the estate of Simpson, and that
there was then nothing in hand to pay and discharge it.
As there was a plea that the executor of Simpson had fully
administered that estate in his lifetime, and an issue thereon
submitted to the jury, and no bill of exceptions showing
what evidence was offered under such issue, we must pre-
sume that the verdict thereon was founded on sufficient
and proper *evidence.*

Another ground of error has been assigned, viz: that
the declaration is defective, but as no specific error has
been pointed out, and the Court, upon examination, has
not been able to discover any, we conclude it is sufficient.
There is no error in the record of the judgment and pro-
ceedings of the Circuit Court, and the judgment therein
must be affirmed with costs.

Judgment affirmed.